IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.S.S., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| MONTGOMERY COUNTY BOARD OF | : | NO. 12-816 |
| COMMISSIONERS, MONTGOMERY COUNTY | : | |
| OFFICE OF CHILDREN AND YOUTH, | : | |
| COUNTY OF MONTGOMERY, and | : | |
| THOMAS D. DIAMOND, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                  May 17, 2012

Currently pending before the Court is the Motion of Defendant Thomas D. Diamond ("Diamond" or "Defendant") to dismiss Counts I, II, III, IV, and VIII of Plaintiff K.S.S.'s Complaint.[1] For the following reasons, the Motion is granted in part and denied in part.

I.   **FACTS AND PROCEDURAL HISTORY**

This action stems from an unfortunate series of events related to the sexual abuse of a minor, Plaintiff K.S.S.[2] In the summer of 2002, the County Defendants placed K.S.S., then a thirteen-year-

---

[1] Counts V through VII of Plaintiff's Complaint solely assert claims against Defendants Montgomery County Board of Commissioners, Montgomery County Office of Children and Youth, and County of Montgomery (collectively referred to hereinafter as "the County Defendants" or "the County"), and are not relevant to the instant Motion.

[2] Plaintiff is now a twenty-three year old adult. However, due to the sensitive factual nature of this case related to incidents that occurred when Plaintiff was a minor, the Court will

old minor, in the foster care of Defendant Diamond, an adult male. (Compl. ¶¶ 6, 10.) According to Plaintiff, the County Defendants never disclosed to Plaintiff or his biological grandparents that Diamond was a pedophile. (Id. ¶ 12.) For several years thereafter, Diamond sexually abused, molested, and indecently assaulted K.S.S. (Id. ¶ 13.) Diamond engaged in the sexual assault of K.S.S. both individually and in concert with others. (Id.) According to the facts set forth in the Complaint, Diamond invited strange adult men that he met on the Internet to his residence for the purpose of "gang raping" K.S.S. (Id. ¶¶ 14, 33(m).) During these encounters, Diamond forced K.S.S. to engage in lewd sexual acts with the adult men, thereby exposing him to severe physical and mental harm. (Id. ¶ 33(a–n).) Diamond's live-in companion, "Alonzo," also participated in the sexual assault of Plaintiff. (Id. ¶ 14.)

In June of 2005, Alonzo reported the victimization of K.S.S. to the Upper Merion Police Department. (Id. ¶ 15.) Diamond was arrested and criminally charged with various crimes related to the sexual assault, aggravated indecent assault, and corruption of minor K.S.S. (Id. ¶ 16.) On August 7, 2006, Diamond pleaded guilty to several of the criminal charges before the Montgomery County Court of Common Pleas, and was sentenced to five to ten years of incarceration. (Id. ¶¶ 17, 18.) Diamond remains an inmate at the State Correctional Institution in Waymart, Pennsylvania. (Id. ¶ 6.)

Plaintiff initiated the instant civil action by filing his Complaint on February 15, 2012, asserting five counts against Defendant Diamond: (1) assault (Count I); (2) battery (Count II); (3) negligence and recklessness (Count III); (4) negligent and intentional infliction of emotional distress (Count IV); and (5) a violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 related to Diamond's alleged "special relationship" with Plaintiff (Count VIII). On April 9, 2012, Diamond

---

continue to identify Plaintiff by his initials, rather than full name.

filed a Motion to Dismiss these Counts. Plaintiff filed a Response in Opposition on May 1, 2012. The Court will now consider the merits of Diamond's Motion.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. Civ.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Fed. R. Civ. P. 8; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

Similarly, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the power of a federal court to hear a claim or a case. Gould Elecs., Inc. v. United States, 200 F.3d 169, 178 (3d Cir. 2000). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006), cert. denied, 127 S. Ct. 2098 (2007).

There are two types of Rule 12(b)(1) motions. A "facial" attack assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the complaint is deficient as pled, the court should grant leave to amend before dismissing it with prejudice. Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). The motion should only be granted if it appears with certainty that assertion of jurisdiction would be improper. Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000).

The second form of a Rule 12(b)(1) motion is a "factual" attack, which argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue thereby causing the case to fall outside the court's jurisdiction. Mortenson, 549 F.2d at 891. In such a case, the court must evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. Id.; Carpet Grp., 227 F.3d at 69.

In the present matter, although Defendant does not specify which type of attack serves as the basis of its Motion, it is evident from the text of the Motion that Diamond asserts a facial challenge to the Complaint. As such, the Court applies the first of the two aforementioned standards.

## III.   DISCUSSION

Diamond moves to dismiss Plaintiff's § 1983 claim in Count VIII on the grounds that Plaintiff has failed to state a claim against Diamond upon which relief can be granted under Rule 12(b)(6). Diamond likewise moves to dismiss Counts I through IV of Plaintiff's Complaint on the basis that this Court lacks subject matter jurisdiction over the state law tort claims Plaintiff asserts in these Counts. The Court considers each basis of dismissal separately below.

### A.   The § 1983 Claim (Count VIII)

In Count VIII, Plaintiff jointly asserts generalized civil rights claims under a theory of municipal liability against Diamond and the County Defendants.[3] Diamond moves to dismiss this claim to the extent it is asserted against him personally on the basis that he is not a state or municipal agent, and never acted under color of state law on behalf of the municipality. (Def.'s Mot. Dismiss 3.) In response, Plaintiff contends that Diamond was a "state-regulated actor" because he was the

---

[3] The Court previously addressed the claims asserted against the County Defendants in a separate Memorandum and Order. (See Docket Nos.6 & 7.) In that Memorandum and Order, the Court held that Plaintiff's allegations asserted against the County in Count VIII were sufficient to survive a Rule 12(b)(6) motion to dismiss.

foster parent of K.S.S., and thus can be held liable under the "special relationship" theory. (Pl.'s Resp. Opp'n 7.)

The special relationship theory provides that a government entity may be held liable for the private actions of third parties under § 1983 if the state entered into a special relationship with the plaintiff. See Lewis v. Neal, 905 F. Supp. 228, 231 (E.D. Pa. 1995). A special relationship is created "if the state has taken a person into its custody and is holding that person against his or her will[.]'" Leonard v. Owens J. Roberts Sch. Dist., No. Civ.A. 08-2016, 2009 WL 603160, at *5 (E.D. Pa. Mar. 5, 2009) (quoting Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)).

Here, Plaintiff's assertion of liability against Diamond under the special relationship theory is misplaced. Under these circumstances, Diamond would be the *third party* for whose private actions the *municipality* could potentially be held liable under the special relationship theory. Therefore, Diamond never entered into a special relationship with K.S.S., as interpreted under the theory, because he was not a state actor. This Court previously addressed this precise issue in J.H. v. City of Philadelphia, No. Civ.A. 06-2220, 2008 WL 3983269 (E.D. Pa. Aug. 19, 2008), in which it unequivocally held that: "Foster parents are not state actors within the meaning of § 1983. Accordingly, . . . [the foster parents] themselves cannot be pursued by way of this law." Id. at *4 n.2 (citing Leshko v. Servis, 423 F.3d 337, 347 (3d Cir. 2005)). As such, Diamond is not a state actor under the special relationship theory of liability and all claims asserted against him individually in Count VIII are dismissed from this suit.

### B. The State Law Tort Claims (Counts I–IV)

The remainder of Plaintiff's claims asserted against Diamond are based on state tort law.[4]

---

[4] Specifically, Plaintiff asserts the following claims against Diamond: (1) assault (Count I); (2) battery (Count II); (3) negligence and recklessness (Count III); and (4) negligent and intentional infliction of emotional distress (Count VII).

Diamond avers that this Court lacks subject matter jurisdiction over these remaining state law claims because the basis of Plaintiff's federal claim against Diamond has been dismissed from suit, and the state claims are "separate and distinct" from the remaining federal claims asserted against the County Defendants. (Def.'s Mot. Dismiss 4.) In response, Plaintiff requests the Court to exercise supplemental jurisdiction over the state law claims because it has original jurisdiction over the federal law claims in the same suit asserted against the County Defendants.[5]

Federal courts may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any state law claims that involve matters or relate to the same case or controversy as a matter properly brought before the federal court. See Peter Bay Homeowners Ass'n v. Stillman, 294 F.3d 524, 533–34 (3d Cir. 2002) (citing HB Gen. Corp. v. Manchester Partners, 95 F.3d 1185, 1191 (3d Cir. 1996)). Section 1367 states, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). In United Mine Workers v. Gibbs, 383 U.S. 715 (1966), the Supreme Court established that, in order to satisfy the "case and controversy" requirement of § 1367(a), the "state and federal claims must derive from a common nucleus of operative fact." Id. at 725. Moreover, "'[t]he claims must be such that they would ordinarily be expected to be tried in one judicial proceeding.'" Troncone v. Velahos, No. Civ.A.10-2961, 2011 WL 3236219, at *6 (D.N.J. July 28, 2011) (quoting MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1102 (3d Cir. 1995);

---

[5] Plaintiff also maintains that this Court has original jurisdiction over the state law claim pursuant to 28 U.S.C. § 1331 because his § 1983 claim against Diamond in Count VIII is based on federal law. (Pl.'s Resp. Opp'n 8.) However, given that the Court has already dismissed all claims independently asserted against Defendant Diamond in Count VIII, it need not engage in a further discussion of this point.

Gibbs, 383 U.S. at 725)).

  Largely similar factual circumstances prevailed in the case of Harris v. Lehigh County Office of Children and Youth Services, 418 F. Supp. 2d 643 (E.D. Pa. 2005).  In Harris, a state agency placed a four-year old child in the foster care of the Norton family.  Id. at 646.  The child was subsequently severely and permanently injured while he was an unrestrained passenger in a car driven by his foster father, Mr. Norton.  Id.  The child, acting through an appointed *guardian ad litem*, brought various § 1983 civil rights and state law claims against the state agency and various other municipal entities, as well as directly against his foster father.  Id. at 645.  Because the federally-based claims against Norton were eliminated from suit, he moved for dismissal on the grounds that the court lacked supplemental jurisdiction over the remaining state law claims.  Id. at 651.  The court disagreed, finding that the child's civil rights claims against the other municipal entities in the same lawsuit arose out of the same case and controversy as his claims asserted against his foster father.  Id.

  The Court finds Harris instructive here.  Plaintiff's state law claims against Defendant are based on Diamond's assault, battery, negligence, recklessness, and intentional infliction of emotional distress related to his severe physical and sexual abuse of minor K.S.S.  Plaintiff's federal law claims asserted against the County in the same suit are based on its alleged deprivation of his due process rights to bodily integrity, safety, and well-being because it knew or had reason to know that Diamond would assault K.S.S. prior to placing him in Diamond's foster care, and failed to remove him from Diamond's residence after he was sexually abused. (Compl. ¶¶ 62–69.)  As such, Plaintiff's claims against Diamond arise from the same "common nucleus of operative fact" as his claims against the County.  Moreover, Plaintiff chose to jointly file his claims against the County and Diamond in one suit, and therefore "judicial economy, convenience, and fairness to the parties" provide that "[t]he

claims [are] such that they would ordinarily be expected to be tried in one judicial proceeding.'" Ashton v. City of Uniontown, No. Civ.A.11–1937, 2012 WL 208055, at *5 (3d Cir. Jan. 25, 2012); Troncone v. Velahos, No. Civ.A.10-2961, 2011 WL 3236219, at *6 (D.N.J. July 28, 2011).  Thus, the Court denies Defendant's Motion and grants Plaintiff's request to assert supplemental jurisdiction over his state law claims against Diamond.

**IV.  CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part Defendant's Motion to Dismiss Counts I, II, III, IV and VIII of Plaintiff's Complaint.

An appropriate Order follows.